IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

HERMAN LEE BARTON, JR.,             §
TDCJ #1350402,                      §
                                    §
          Petitioner,               §
                                    §
v.                                  §          CIVIL ACTION NO. H-07-1192
                                    §
NATHANIEL QUARTERMAN, Director,     §
Texas Department of Criminal Justice -  §
Correctional Institutions Division,     §
                                    §
          Respondent.               §

## MEMORANDUM AND ORDER

State inmate Herman Lee Barton, Jr. (TDCJ #1350402), has filed a petition for a

federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge a state court felony

conviction.  The respondent has answered with a motion for summary judgment, arguing that

Barton is not entitled to relief.  (Doc. # 10).  Barton has filed more than one reply and he

requests discovery.  (Docs. # 13, # 14, # 15).  After considering all of the pleadings, the state

court records, and the applicable law, the Court grants the respondent's motion and dismisses

this case for reasons set forth below.

## I.  BACKGROUND

According to the state court records, a San Jacinto County grand jury returned an

indictment against Barton in cause number 8040, charging him with aggravated assault with

a deadly weapon.  On July 8, 1999, Barton pleaded guilty to the charges against him.  In

doing so, Barton confessed in writing and in open court that he assaulted the victim, David

P. Franklin, by hitting him on the head with a pool cue stick, causing the victim to suffer serious bodily injury.  The 411th District Court of San Jacinto County, Texas, found Barton guilty as charged, but deferred an adjudication of guilt and placed Barton on deferred adjudication community supervision for a term of ten years.[1]  The trial court also ordered Barton to pay a fine in the amount of $1,000.00 and to pay restitution in the amount of $2,879.79 to the victim.  Barton did not file an appeal.

Seven years later, on January 19, 2006, the trial court revoked Barton's probation following a hearing.  During that proceeding, Barton conceded that he had violated numerous conditions of his supervised release.  As a result, the trial court adjudicated Barton guilty of the underlying offense of aggravated assault with a deadly weapon and sentenced him to serve five years' imprisonment.  Barton did not appeal the revocation of his supervised release.

---

[1]    Community supervision is a sentence option under which a court suspends the imposition or execution of imprisonment and instead releases a defendant into the community subject to certain conditions.  *See* TEX. CODE CRIM. PROC. art. 42.12, § 2(a); John Schmolesky, *Community Supervision*, 4 TEXAS CRIMINAL PRACTICE GUIDE Ch. 82 (2007).  In Texas, if a defendant pleads guilty or nolo contendere and the trial court finds that the best interests of society and the defendant will be served, the trial court may defer further proceedings without entering an adjudication of guilt and place the defendant on community supervision. *See* TEX. CODE CRIM. PROC. art. 42.12, § 5(a).  If the defendant successfully completes his term of community supervision, the trial court must dismiss the proceedings and discharge the defendant.  *See id*. art. 42.12, § 5(c).  If the defendant fails to abide by the terms of his supervised release, however, the trial court may revoke the defendant's placement on community supervision and adjudicate his guilt.  *See id*. art. 42.12, § 5(b); *see also* Schmolesky*, Community Supervision*, at Ch. 82.02[3] (discussing deferred adjudication community supervision).

On April 17, 2006, Barton filed a state application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure.  Barton did not challenge his 2006 probation revocation.  Instead, Barton complained that the prosecutor committed misconduct in 1999 by withholding favorable evidence in the form of a newspaper clipping, police reports, and witness statements about the incident that formed the basis for his aggravated assault conviction.  Barton claimed, therefore, that his conviction was obtained in violation of Texas discovery rules.  Barton alleged further that he was denied effective assistance of counsel prior to his guilty plea because his attorney failed to conduct adequate discovery.  Citing his attorney's failure to make a sufficient investigation, Barton concluded that his guilty plea was invalid because it was "coerced" by prosecutorial misconduct and ineffective assistance of counsel.  The state habeas corpus court, which also presided over Barton's initial guilty plea in 1999, entered findings of fact and concluded that Barton was not entitled to relief.  The Texas Court of Criminal Appeals agreed and denied relief without a written order on August 9, 2006.  *See Ex parte Barton*, No. 64,732-01 (Tex. Crim. App.).

Barton filed the pending federal petition for a writ of habeas corpus on April 4, 2007,[2] seeking relief from his 1999 guilty plea and sentence of deferred adjudication community supervision.  In this petition, Barton raises claims similar to those presented at the state court

---

[2]     The Clerk's Office recorded the petition as filed on April 6, 2007, but it is dated April 4, 2007.  Under the mail-box rule, courts in this circuit treat the date a *pro se* prisoner deposits a federal petition in the mail as the filing date.  *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)), *cert. denied*, 531 U.S. 1164 (2001).  Because Barton indicates that he placed his pleadings in the prison mail system on April 4, 2007, his petition is presumed filed on that date.

level.  For the first time, Barton adds a claim that his counsel was ineffective for failing to investigate and interview certain witnesses or to consult with Barton about any potential defenses.  The respondent has filed a motion for summary judgment, arguing that Barton's petition must be dismissed because it is barred by the governing one-year statute of limitations.  Alternatively, the respondent argues that the petition is without merit.  Barton concedes that the petition is untimely, but asks for equitable tolling.  The parties' contentions are addressed below, beginning with the respondent's motion for summary judgment on the issue of limitations.

## II.    SUMMARY JUDGMENT STANDARD OF REVIEW

The respondent's motion for summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure.  Under Rule 56, a court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  The moving party bears the burden to show that "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Capitol Indem. Corp. v. United States*, 452 F.3d 428, 430 (5th Cir. 2006).

Once the moving party meets its initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial."  FED. R. CIV. P. 56(e).  The nonmovant cannot satisfy this burden with conclusory allegations, unsubstantiated assertions,

or only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  To survive summary judgment, the nonmovant must submit or identify evidence in the record to show the existence of a genuine issue of material fact as to each element of the cause of action. *See Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003) (citation omitted).  Facts and inferences reasonably drawn from those facts should be taken in the light most favorable to the non-moving party.  *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 456 (1992). Where the non-moving party fails to establish "the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," no genuine issue of material fact can exist. *Celotex*, 477 U.S. at 322-23; *Whiting v. University of Southern Miss.*, 451 F.3d 339, 345 (5th Cir. 2006).

The petitioner proceeds *pro se* in this case.  Courts construe pleadings filed by *pro se* litigants under a less stringent standard than those drafted by attorneys.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Under this standard, pleadings filed by a *pro se* litigant are entitled to a liberal construction that affords all reasonable inferences which can be drawn from them.  *See id*; *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002). Nevertheless, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his burden in opposing a summary judgment motion.  *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992).

## III.   THE ONE-YEAR STATUTE OF LIMITATIONS

The respondent maintains that Barton's petition is barred by the governing one-year statute of limitations. According to the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d)(1). Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies. *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).

Barton does not challenge the 2006 revocation of his deferred adjudication probation. In this instance, Barton challenges only his guilty plea to charges of aggravated assault with a deadly weapon and the judgment entered against him in 1999, which resulted in his placement on deferred adjudication community supervision for a term of ten years. The statute of limitations for federal habeas corpus review of Barton's claims began to run pursuant to 28 U.S.C. § 2244(d)(1)(A), at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

In Texas, a defendant placed on deferred adjudication community supervision must appeal any issue relating to the original plea hearing at the time he is placed on deferred adjudication. *See Manuel v. State*, 994 S.W.2d 658 (Tex. Crim. App. 1999); *see also* TEX. CODE CRIM. PROC. art. 42.12 § 23(b) (1999) (providing that "[t]he right of the defendant to appeal for a review of the conviction and punishment, as provided by law, shall be accorded the defendant probationer at the time he is placed on community supervision"). Thus, a sentence of deferred adjudication community supervision in Texas is a final judgment for

6

purposes of the AEDPA's statute of limitations.  *See Caldwell v. Dretke*, 429 F.3d 521, 527-

30 (5th Cir. 2005), *cert. denied*, — U.S. —, 127 S. Ct. 431 (2006).  Because Barton pleaded

guilty and received a sentence of deferred adjudication on July 8, 1999, his time to appeal

expired thirty days later on or about August 7, 1999.  *See* TEX. R. APP. P. 26.2(a)(1).  That

date triggered the statute of limitations, which expired one year later on August 7, 2000.  *See*

*Caldwell*, 429 F.3d at 530.  Barton's pending petition, dated April 4, 2007, is late by almost

seven years and is therefore time-barred unless Barton can show that a statutory or equitable

exception applies.

### A.    Statutory Tolling

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed" application

for state habeas corpus or other collateral review is pending shall not be counted toward the

limitations period.  *See Artuz v. Bennett*, 531 U.S. 4 (2000).  The state court records show

that Barton challenged his 1999 guilty plea by filing a state habeas corpus application on

April 17, 2006, which the Texas Court of Criminal Appeals denied on August 9, 2006.  *See*

*Ex parte Barton*, No. 64,732-01 (Tex. Crim. App.).  Because this state habeas corpus

proceeding was filed well after the limitations period had already expired, neither one has

any tolling effect for purposes of § 2244(d)(2).  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th

Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus

application filed after the expiration of the limitations period).

Barton presents no other basis for statutory tolling and the record fails to disclose any.

In that regard, Barton has not alleged that he was subject to state action that impeded him

7

from filing his petition in a timely manner.  *See* 28 U.S.C. § 2244(d)(1)(B).  Further, there

is no showing of a newly recognized constitutional right upon which the petition is based;

nor is there a factual predicate for the claims that could not have been discovered previously

if the petitioner had acted with due diligence.  *See* 28 U.S.C. § 2244(d)(1)(C), (D).

Accordingly, there is no statutory basis to save the petitioner's late-filed claims.

**B.      Equitable Tolling**

Barton has filed more than one response to the motion for summary judgment.  (Docs.

# 13, # 14, # 15).  With the assistance of a self-described "jailhouse lawyer," Barton seeks

equitable tolling because he suffers from an undisclosed mental illness that requires

psychiatric medication.  Barton argues further that equitable tolling is warranted because he

is "actually innocent."

Equitable tolling is an extraordinary remedy that, if available, is only sparingly

applied.  *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990).  The Fifth

Circuit has held that the statute of limitations found in the AEDPA may be equitably tolled

at the district court's discretion where "exceptional circumstances" are present.  *Coleman v.

Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000). As the Fifth

Circuit has explained, the doctrine of equitable tolling "applies principally where the plaintiff

is actively misled by the defendant about the cause of action or is prevented in some

extraordinary way from asserting his rights."  *Melancon v. Kaylo*, 259 F.3d 401, 407 (5th

Cir. 2001) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

The Supreme Court has recently stated that district courts have no authority to create "equitable exceptions" to statutory time limitations.  *See Bowles v. Russell*, — U.S. —, 127 S. Ct. 2360, 2366 (2007).  Assuming that the AEDPA allows it, the Supreme Court has observed, nevertheless, that a habeas corpus petitioner is not entitled to equitable tolling unless he establishes "(1) that he has been pursuing his rights diligently, and (2) 'that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, — U.S. —, 127 S. Ct. 1079, 1085 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  The petitioner's proposed grounds for equitable tolling are discussed separately below.

### 1.    Mental Illness as Grounds for Equitable Tolling

Barton contends that he is entitled to equitable tolling because he suffers from mental illness, which requires treatment with psychiatric medication.  In *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001), the Fifth Circuit "recognized the possibility that mental incompetency might support equitable tolling of a limitation period."  The petitioner in *Fisher* was confined to a psychiatric ward, medicated, separated from his glasses and hence rendered legally blind, denying him meaningful access to the courts.  *Id*. at 715.  The Fifth Circuit denied equitable tolling in that case, however, finding that the petitioner still had an opportunity to work on a federal habeas corpus petition during the limitations period.  The Court reasoned that "a brief period of incapacity during a one-year statute of limitations, even though rare, does not necessarily warrant equitable tolling." *Id.*

9

More recently, in *Roberts v. Cockrell*, 319 F.3d 690, 695 (5th Cir. 2003), the Fifth Circuit found equitable tolling inapplicable where an inmate was hospitalized thirteen times in a one-year period. In that case, the Fifth Circuit concluded that the petitioner failed to "suppl[y] the necessary details concerning his hospitalizations, such as when and for how long and at what stage of the proceedings they occurred, so as to allow a determination of whether they could have interfered with his ability to file his § 2254 application in a timely manner." *Id.*

In this case, Barton does not disclose the nature of his mental impairment. In support of his claim of incapacitation, Barton merely presents a prison "medication pass" showing that he currently has prescriptions for citalopram, trazodone, benztropine, and thiothixene. (Doc. # 15, Exhibit). He does not explain what these medications are for or why they were prescribed.

More importantly, Barton does not allege facts showing that mental illness prevented him from timely pursuing federal habeas corpus relief from his 1999 guilty plea. In that regard, Barton fails to provide necessary details showing that his mental impairment prevented him from managing his affairs or understanding his legal rights and acting upon them before the one-year statute of limitations expired. Absent a showing that Barton was prevented from filing a federal petition in a timely manner due to mental incapacity or incompetency during the relevant time period, he is not entitled to equitable tolling. *See Roberts*, 319 F.3d at 695; *see also Lawrence v. Florida*, — U.S. —, 127 S. Ct. 1079, 1086 (2007) (finding that the petitioner made "no factual showing of mental incapacity" and,

therefore, fell far short of establishing the "'extraordinary circumstances' necessary to support equitable tolling").

## 2.    Actual Innocence as Grounds for Equitable Tolling

Barton also contends that he is entitled to equitable tolling because he is actually innocent of aggravated assault with a deadly weapon. The Fifth Circuit has observed that claims of actual innocence, standing alone, are not a "rare and exceptional circumstance" that warrants equitable tolling of the statute of limitations given that many prisoners maintain they are actually innocent. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.) (noting that the petitioner's claim was unaccompanied by "a *showing* of actual innocence") (emphasis in original), *cert. denied*, 531 U.S. 1035 (2000).  Barton does not establish that he is actually innocent in this case or that he is entitled to equitable tolling as a result.

In support of his claim of actual innocence, Barton alleges that Constable Lou Rodgers told him that he believed Barton was "not guilty."  Barton does not present a written statement from Constable Rodgers.  He does not assert that Constable Rodgers was present when the assault occurred or provide any details about why Rodgers allegedly commented as he did.  Likewise, Barton provides no details about when or in what context the statement was made.  Barton insists, nevertheless, that Rodgers is willing to testify on his behalf. Other than these conclusory allegations, Barton provides no proof in support of his claim of actual innocence and he does not allege sufficient facts which, if true, would establish that

11

he is actually innocent of the underlying offense.[3]  Nor does Barton make any effort to show how the comment attributed to Constable Rodgers relates to the timeliness of his federal habeas petition.

It is undisputed that Barton pleaded guilty to the charges against him.  For reasons discussed further below, Barton does not demonstrate that his guilty plea was involuntary or otherwise invalid.  If Barton now claims that he did not commit the offense, he offers no explanation for his failure to raise this claim previously.  Absent evidence or specific factual allegations establishing that he is actually innocent of the underlying offense, Barton fails to make a sufficient showing that equitable tolling is available.  *See Felder*, 204 F.3d at 271.

In addition, the record does not support an exercise of discretion in Barton's favor. To the extent that equitable tolling might otherwise be available, tolling would not be appropriate under the circumstances present in this case where the petitioner was not diligent in pursuing his claims.  The record reflects that Barton's 1999 guilty plea and sentence of deferred adjudication became final in 2000, but that Barton waited more than six years, until April 17, 2006, to file a state habeas corpus application to challenge the plea.  Further, after the Texas Court of Criminal Appeals denied relief on August 9, 2006, Barton waited more than six months to file his federal habeas corpus petition on April 4, 2007.  Barton offers no explanation for his decision to delay seeking relief.  It is well established that equitable

---

[3]   Barton has filed more than one request for discovery on his claim of actual innocence.  (Docs. # 13, # 14).  For reasons discussed in more detail below, however, Barton fails to show that he is entitled to discovery in this instance.

tolling is not available where, as here, the petitioner squanders his federal limitations period. *See, e.g., Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099 (2000).

Although Barton has represented himself on state habeas corpus review and in this federal proceeding, the Fifth Circuit has held that a prisoner's *pro se* status does not excuse an untimely federal habeas corpus petition. *See Lookingbill v. Cockrell*, 293 F.3d 256, 264 n.13 (5th Cir. 2002), *cert. denied*, 537 U.S. 1116 (2003); *see also United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (holding that *pro se* status, illiteracy, deafness, and lack of legal training are not external factors excusing abuse of the writ). The petitioner's incarceration and ignorance of the law do not otherwise excuse his failure to file a timely petition and are not grounds for equitable tolling. *See Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir.) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling), *cert. denied*, 539 U.S. 918 (2003).

The doctrine of equitable tolling is applied "restrictively" and, as the Fifth Circuit has held repeatedly, "is entertained only in cases presenting 'rare and exceptional circumstances where it is necessary to preserve a [petitioner's] claims when strict application of the statute of limitations would be inequitable.'" *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (quoting *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002) (internal quotation and alteration omitted)). Given the petitioner's lack of diligence, the Court concludes that his circumstances are not among those "rare and exceptional" conditions which warrant

deviation from the express rules that Congress has provided.  *See Felder*, 204 F.3d at 173.

Barton has not established that he is entitled to equitable tolling and, therefore, his petition

must be dismissed as barred by the governing one-year limitations period.

## IV.    MERITS — THE PETITIONER IS NOT ENTITLED TO RELIEF

Alternatively, assuming that the petition is not barred by limitations, the respondent

argues that Barton is not entitled to a federal writ of habeas corpus under the governing

standard found in the AEDPA.  *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997) (holding that

the AEDPA applies to those habeas corpus petitions filed after its effective date of April 24,

1996).  Embodying the principles of federalism, comity, and finality of judgments, the

AEDPA "substantially restricts the scope of federal review of state criminal court

proceedings." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000), *cert. denied*, 532 U.S.

1067 (2001).  Specifically, the federal habeas corpus statutes amended by the AEDPA,

codified at 28 U.S.C. § 2254(d), set forth a "highly deferential standard for evaluating state-

court rulings, . . . , which demands that state court decisions be given the benefit of the

doubt."  *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (internal citation omitted).

The federal habeas corpus statutes require applicants for relief to first present their

claims in state court and to exhaust all state court remedies through proper adjudication.  28

U.S.C. § 2254(b).  To the extent that the petitioner's claims were adjudicated on the merits

in state court, the AEDPA standard applies.  If a claim has not been adjudicated on the merits

in state court, federal review is procedurally barred if the last state court to consider the

claim expressly and unambiguously based its denial of relief on a state procedural default.

*See Coleman v. Thompson*, 501 U.S. 722, 729 (1991); *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir.), *cert. denied*, 516 U.S. 1005 (1995).  The procedural default rule also prevents habeas review when a petitioner has failed to meet state procedural requirements for presenting his federal claims, thereby depriving the state courts of an opportunity to address those claims in the first instance.  *See Coleman*, 501 U.S. at 730; *Rosales v. Dretke*, 444 F.3d 703, 707 (5th Cir. 2006) (noting that the procedural default rule prevents habeas petitions from avoiding the exhaustion requirement by defaulting their federal claims in state court).

For claims adjudicated on the merits, the AEDPA provides that a petitioner is not entitled to relief unless the state court's ultimate decision:

1.   was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2.   was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d);  *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) (observing that the AEDPA standard is restricted to the reasonableness of the state court's "ultimate decision, not every jot of its reasoning") (citation omitted), *cert. denied*, 535 U.S. 982 (2002). The burden is on the petitioner to show that he is entitled to relief under the highly deferential AEDPA framework.  *See DiLosa v. Cain*, 279 F.3d 259, 262 (5th Cir. 2002).

Claims presenting pure questions of law and mixed questions of law and fact are governed by § 2254(d)(1).  *See Martin v. Cain*, 246 F.3d 471, 475 (5th Cir.), *cert. denied*, 534 U.S. 885 (2001).  The Supreme Court has clarified that "clearly established Federal law"

or precedent for purposes of § 2254(d)(1) "refers to the holdings, as opposed to the dicta," of decisions from the United States Supreme Court "as of the time of the relevant state-court decision." *Carey v. Musladin*, — U.S. —, —, 127 S. Ct. 649, 653 (2006) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).   A state court decision is "contrary to" clearly established precedent if the state court arrives at a conclusion opposite to one reached by the Supreme Court on a question of law or if the state court decides a case differently from the Supreme Court "on a set of materially indistinguishable facts."   *Williams*, 529 U.S. at 412-13.   A state court decision is an "unreasonable application" of clearly established precedent if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the petitioner's case.   *Id.*

Pure questions of fact are governed by § 2254(d)(2).   *See Martin*, 246 F.3d at 475. In addition, a state court's factual findings are entitled to deference on federal habeas corpus review and are presumed correct under 28 U.S.C. § 2254(e)(1), unless the petitioner rebuts those findings with "clear and convincing evidence."   *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (citing *Hughes v. Dretke*, 412 F.3d 582, 589 (5th Cir. 2005) and 28 U.S.C. § 2254(e)(1)).   This deference extends not only to express findings of fact, but to the implicit findings of the state court.   *See Garcia*, 454 F.3d at 444-45 (citing *Summers v. Dretke*, 431 F.3d 861, 876 (5th Cir. 2005); *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004)).   The petitioner's claims are addressed below under this deferential standard.

A.      **Petitioner's Guilty Plea**

The respondent correctly notes that review of Barton's claims is constrained by his guilty plea, which is presumptively valid.  As a general rule, "[a] voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508 (1984).  Likewise, "a plea's validity may not be collaterally attacked merely because the defendant made what turned out, in retrospect, to be a poor deal." *Bradshaw v. Stumpf*, 545 U.S. 175, 186 (2005). The validity of a guilty plea may be challenged only on the grounds that it was made on the constitutionally defective advice of counsel or that the defendant could not have understood the terms of the bargain he agreed to.  *See id*. (citing *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)).

Barton complained on state habeas corpus review that his guilty plea was coerced by the prosecutor, who withheld favorable evidence, and by defense counsel, who performed an inadequate investigation.  The state habeas corpus court, which also presided over Barton's guilty plea, rejected Barton's claims and found that his guilty plea was voluntarily made.  *See Ex parte Barton*, No. 64,732-01 at 21. The record supports the state habeas corpus court's findings and conclusions.

The record reflects that Barton pleaded guilty to aggravated assault with a deadly weapon as alleged in the indictment.  Barton confessed that he assaulted the victim by striking him in the head with a pool cue stick, causing the victim to suffer serious bodily injury.  *See Ex parte Barton*, No. 64,732-01 at 28-29. Barton declared under oath, in writing and in open court, that his decision to plead guilty was voluntary and that he understood the

17

nature of the charges against him, as well as the applicable range of punishment.  *See id.* at 28.  The record contains a written stipulation and waiver of constitutional rights that is signed by Barton, his trial counsel Robert DuBoise, the prosecutor Scott Rosekrans, the Clerk of Court, and the presiding judge.  These records show that Barton was advised of the charges, as well as the consequences of his plea, and that his decision to plead guilty was voluntary and informed.

The Supreme Court has recognized that the various advantages of the plea bargaining system "can be secured . . . only if dispositions by guilty plea are accorded a great measure of finality." *Blackledge v. Allison*, 431 U.S. 63, 71 (1977).  Thus, "the representations of the defendant, his lawyer, and the prosecutor at [the original plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Id*. at 74.  The allegations made by Barton in his federal habeas corpus petition are conclusory and do not overcome this barrier.  In that regard, the state habeas corpus court's findings on the issue of voluntariness are entitled to the presumption of correctness on federal habeas review.  *See* 28 U.S.C. § 2254(e)(1); *Patterson v. Dretke*, 370 F.3d 480, 484 (5th Cir. 2004); *Roberts v. Dretke*, 356 F.3d 632, 639 (5th Cir. 2004).  Barton, who presents nothing more than his own bare allegations that his plea was "coerced" by a lack of access to discovery materials, fails to meet his burden to rebut the presumption with clear and convincing evidence to the contrary.  *See* 28 U.S.C. § 2254(e)(1).

In conclusion, Barton has not shown that his guilty plea was involuntary or unknowingly made.  For reasons addressed further below, Barton further fails to show that his guilty plea was invalid or coerced as the result of prosecutorial misconduct or ineffective assistance of counsel.  It follows that Barton has not shown that the state court's decision to reject his claim was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent.  *See* 28 U.S.C. § 2254(d)(1).  Accordingly, Barton is not entitled to a federal writ of habeas corpus on this issue.

### B.      Prosecutorial Misconduct

In two related claims, Barton complains that the prosecutor suppressed favorable evidence and that his conviction violated Texas discovery rules as a result.  The state habeas corpus court implicitly rejected Barton's allegation that the prosecutor withheld favorable evidence or that there was any failure to comply with discovery rules.  *See Ex parte Barton*, No. 64,732-01 at 21. Any failure to comply with Texas law does not state a valid claim on federal habeas corpus review.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (observing that "federal habeas corpus relief does not lie for errors of state law").  Therefore, the Court construes Barton's claim as one for unlawful suppression of evidence in violation of the Due Process Clause.

The government's suppression of favorable evidence that is material to guilt or innocence violates a defendant's right to due process under *Brady v. Maryland*, 373 U.S. 83, 87 (1963).  The government's duty to disclose extends to both impeachment and exculpatory evidence. *See United States v. Bagley*, 473 U.S. 667, 676 (1985).  To establish a *Brady*

violation, a defendant must prove that: (1) the prosecution suppressed evidence; (2) the evidence was favorable to the defendant because it was either exculpatory or impeaching; and (3) the evidence was material. *See United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (citations omitted), *cert. denied*, 537 U.S. 1192 (2003).  Evidence is material under *Brady* when there is a "reasonable probability" that the outcome of the trial would have been different if the suppressed evidence would have been disclosed to the defendant.  *See United States v. Moore*, 452 F.3d 382, 387-88 (5th Cir.), *cert. denied*, — U.S. —, 127 S. Ct. 423 (2006).  A "reasonable probability" in this context is "a probability sufficient to undermine confidence in the outcome."  *Bagley*, 473 U.S. at 682.

The respondent correctly notes that a prosecutor's alleged failure to disclose favorable materials before a guilty plea is entered does not state a claim on federal habeas corpus review.  *See Orman v. Cain*, 228 F.3d 616, 620-21 (5th Cir. 2000).  The Supreme Court has also held that the government is not required to disclose impeachment information prior to a defendant's guilty plea.  *See United States v. Ruiz*, 536 U.S. 622, 633 (2002).  To the extent that Barton entered his guilty plea voluntarily, he has waived any claim under *Brady*.  *See Orman*, 228 F.3d at 620 (observing that the *duty* articulated in *Brady* "was expressly premised on a defendant's right to a fair trial," a concern that is not present when the defendant waives a trial pursuant to a guilty plea).

Alternatively, Barton fails to establish that there was a *Brady* violation in his case. Barton presents no evidence in support of his claim that favorable evidence existed in the prosecutor's file but that this evidence was suppressed or withheld from the defense.

20

Although Barton alleges that the evidence consisted of a newspaper clipping, police reports, and some witness statements about the assault, he does not provide copies of these items and he does not allege any facts showing that they contained favorable evidence that was material to his defense.[4]   Although Barton proceeds *pro se*, he is still required to provide sufficient facts in support of his claim for relief.  *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993).  Even under the rule of liberal construction, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue."  *Id.* (citing *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)); *see also Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . to be of probative evidentiary value.").

Barton has failed to support his claim with sufficient facts showing that the prosecutor engaged in misconduct by withholding material, favorable evidence in violation of *Brady*. Absent such a showing, Barton fails to demonstrate that the state court's decision to reject his claim was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent.  *See* 28 U.S.C. § 2254(d)(1).  Accordingly, Barton is not entitled to a federal writ of habeas corpus on this issue.

C.     **Ineffective Assistance of Counsel**

---

[4]     In his state habeas corpus application, Barton alleged that the newspaper clipping, police reports, and witness statements showed that as many as eleven people were injured during the altercation that formed the basis of his conviction for aggravated assault with a deadly weapon.  *See Ex parte Barton*, No. 64,724-01 at 8.  Barton does not explain how this information was favorable to him or material to his defense.

21

Barton claims that his guilty plea was invalid because his attorney failed to conduct an adequate investigation by enforcing the discovery rules.  The state habeas corpus court rejected this claim, finding that Barton was not denied his constitutional right to effective assistance of counsel.  *See Ex parte Barton*, No. 64,732-01 at 21.  For the first time on federal habeas corpus review, Barton alleges that his attorney was deficient for failing to interview specific witnesses, including San Jacinto Sheriff Lacy Rodgers and Barton's former attorney, Fritz Faulkner.  Barton also claims for the first time that his counsel failed to consult with him about any potential defenses.  The respondent argues that these allegations are unexhausted and therefore barred from federal habeas corpus review by the doctrine of procedural default.  The Court will consider Barton's ineffective-assistance allegations below, beginning with his exhausted claims.

Barton's ineffective-assistance claims are governed by the familiar standard found in *Strickland v. Washington*, 466 U.S. 668 (1984), which establishes a two-prong test.  To prevail on an ineffective-assistance claim, Barton must establish both of the following two elements of the *Strickland* test: (1) that counsel's representation was deficient, such that it "fell below an objective standard of reasonableness," and (2) that the deficient representation caused prejudice, which requires a showing that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Williams v. Taylor*, 529 U.S. 362, 390-91 (2002) (quoting *Strickland*, 466 U.S. at 688).

To establish deficient performance under the *Strickland* standard, the petitioner must demonstrate that "counsel made errors so serious that counsel was not functioning as the

'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Judicial scrutiny of counsel's performance must be "highly deferential," indulging in a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Riley v. Dretke*, 362 F.3d 302, 305 (5th Cir. 2004) (quoting *Strickland*, 466 U.S. at 689), *cert. denied*, 543 U.S. 1056 (2005). Performance is prejudicial only if, but for counsel's errors, there is a reasonable probability that the final result would have been different and confidence in the reliability of the verdict has been undermined. *See Leal v. Dretke*, 428 F.3d 543, 548 (5th Cir. 2005) (citing *Little v. Johnson*, 162 F.3d 855, 860-61 (5th Cir. 1998)).

In this instance, Barton alleges that he received ineffective assistance in connection with a guilty plea. The Supreme Court has held that the two-part *Strickland v. Washington* test applies where a defendant challenges a guilty plea based on ineffective assistance of counsel with the following modification:

> The second, or "prejudice," requirement . . . focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). Thus, a petitioner must establish: (1) that his attorney erred and that but for the error he would not have pleaded guilty; and (2) he must sufficiently undermine confidence in the outcome to illustrate that counsel's deficient

performance caused the outcome of the proceeding to be unreliable or the proceeding to be fundamentally unfair. *Del Toro v. Quarterman*, 498 F.3d 486, 490 (5th Cir. 2007) (citing *Armstead v. Scott*, 37 F.3d 202, 207 (5th Cir. 1994), *cert. denied*, 514 U.S. 1071 (1995)); *see also Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993) (emphasizing that *Strickland*'s prejudice prong requires the petitioner to demonstrate that "counsel's deficient performance caused the outcome to be unreliable or the proceeding to be fundamentally unfair").

### 1.    Exhausted Claim: Failure to Conduct an Adequate Investigation

In state court, Barton alleged generally that his attorney was deficient for failing to investigate or enforce the discovery rules by insisting that the prosecutor disclose evidence in his file. A habeas corpus petitioner who alleges a failure to investigate on the part of his counsel must state with specificity what the investigation would have revealed and how it would have changed the outcome of his trial. *See Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005) (citing *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)). Assuming that Barton claims that his attorney failed to review evidence in the prosecutor's file, including the newspaper clipping, police reports, and witness statements about the incident that formed the basis for the aggravated assault charges against him, Barton fails to prove that these documents were in the file. Even if they were in the file, Barton fails to allege any facts showing what specific information was in these documents or how it would have made a difference.

Barton fails to provide specific allegations in support of his claim that his counsel was deficient for failing to investigate or conduct discovery.[5]  The Fifth Circuit has "made clear that conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding." *Collier v. Cockrell*, 300 F.3d 577, 587 (5th Cir.) (citing *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000); *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir.1983)), *cert. denied*, 537 U.S. 1084 (2002).  Based on this record, Barton fails to show that the state habeas corpus court erred by rejecting his claim or that the state court's decision was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent.  Accordingly, Barton is not entitled to a writ of habeas corpus on this issue.

> **2.   Unexhausted Claims - Failure to Interview Specific Witnesses or Consult with Barton About Potential Defenses**

In addition to his allegation that his counsel failed to investigate generally or to request documents from the prosecutor's file, Burton attempts to claim that his counsel failed to interview specific witnesses, including Lou Rodgers, Lacy Rodgers, and Fritz Faulkner. Barton claims further that his counsel failed to consult with him about potential defenses.

---

[5]     Barton does not allege that his attorney performed no discovery.  At the state court level, Barton conceded that the prosecutor turned over at least two witness statements. *See Ex parte Barton*, No. 64,732-01 at 8.  The prosecutor purportedly commented at that time that the statements were all that he had.  *See id*.  At least one of those witness statements apparently showed that the victim sustained injury.  The trial court ordered Barton to pay restitution to the victim in the amount of $2,879.79. *See id*. at 33.  Barton provides no other facts showing that the amount of discovery or investigation performed by his counsel was inadequate.

The respondent objects that these allegations were not raised or fairly presented to the state courts.  The respondent argues, therefore, that these claims are unexhausted.

### a.     The Exhaustion Doctrine

The federal habeas corpus statutes, codified as amended at 28 U.S.C. § 2254(b) and (c), provide that relief "shall not be granted" unless the applicant "has exhausted the remedies available in the courts of the State[.]"  Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief."  *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995).  Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant.  28 U.S.C. § 2254(b).  The doctrine of exhaustion reflects a policy of federal/state comity.  *See Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The exhaustion requirement is not met where the petitioner presents new legal theories or factual claims in his federal habeas petition.  *See Finley*, 243 F.3d at 219 (citing *Anderson v. Harless*, 459 U.S. 4, 6-7 (1982)).  In that respect, "the policies of comity and federalism underlying the exhaustion doctrine" require that "new factual allegations in support of a previously asserted legal theory" be first presented to the state court.  *Joyner v. King*, 786 F.2d 1317, 1320 (5th Cir.), *cert. denied*, 479 U.S. 1010 (1986); *see also Graham v. Johnson*, 94 F.3d 958, 968-69 (5th Cir. 1996).  Importantly, the Fifth Circuit has recognized that where a petitioner lodges multiple claims for ineffective assistance of counsel each distinct allegation of ineffective assistance must be exhausted.  *See Jones v. Jones*, 163 F.3d 285, 296-98 (5th Cir. 1998), *cert. denied*, 528 U.S. 895 (1999).

26

A liberal reading of the state habeas corpus application filed by Barton shows that he presented, at most, a general claim that his counsel failed to investigate or conduct adequate discovery by requesting documents allegedly found in the prosecutor's file.  *See Ex parte Barton*, No. 64,732-01 at 8.  Barton did not exhaust the distinct allegations made about his counsel's failure to interview specific witnesses or his counsel's failure to consult with him about possible defense strategies.  Accordingly, these claims are unexhausted.  The respondent argues that the unexhausted allegations are further barred from federal habeas corpus review by the doctrine of procedural default.

### b. The Doctrine of Procedural Default

It is well established that "[i]f a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claim procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief."  *Finley*, 243 F.3d at 220 (citing *Coleman*, 501 U.S. at 735 n.1, and *Sones*, 61 F.3d at 416).  Article 11.07, § 4 of the Texas Code of Criminal Procedure prohibits a Texas court from considering a successive habeas corpus application on the merits unless the petition satisfies one of the following exceptions:

(1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or

(2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

27

TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a).  Barton's unexhausted ineffective-assistance claims could have been raised in his state habeas corpus application.  Because Texas would bar another habeas corpus application by the petitioner at this late date, this default represents an adequate state procedural ground which, in turn, bars federal review of his claims.  *Finley*, 243 F.3d at 220 (citing *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995)).

"In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.  "This doctrine ensures that federal courts give proper respect to state procedural rules." *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997), *cert. denied*, 523 U.S. 1125 (1998); *see also Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (explaining that the cause and prejudice standard is "grounded in concerns of comity and federalism"); *Coleman*, 501 U.S. at 750 (recognizing "the important interest in finality served by state procedural rules, and the significant harm to the States that results from the failure of federal courts to respect them").

Barton has filed a response to the summary judgment motion.  (Doc. # 15).  He does not dispute that he failed to exhaust all of his ineffective-assistance claims by presenting them properly before the state courts.  Barton does not attempt to show cause for his default or to satisfy the requirement of actual prejudice.  Barton argues, instead, that his failure to

exhaust should be excused because he is actually innocent.  Thus, Barton claims that the fundamental miscarriage of justice exception applies in this case.

The fundamental-miscarriage-of-justice exception to the doctrine of procedural default is limited to cases where the petitioner can make a persuasive showing that he is actually innocent of the charges against him.  *See Coleman*, 501 U.S. at 750; *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir.), *cert. denied*, 514 U.S. 1123 (1995). To make this showing the petitioner must prove that, as a factual matter, he did not commit the crime for which he was convicted. *See Smith v. Johnson*, 216 F.3d 521, 524 (5th Cir. 2000) (citing *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999)).  To surmount a procedural default through a showing of actual innocence, a habeas petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt.  *Schlup v. Delo*, 513 U.S. 298, 326-27 (1995). *See Bosley v. Cain*, 409 F.3d 657, 662 (5th Cir. 2005) (discussing the petitioner's burden of proof under *Schlup*); *see also Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (same).  Examples of new, reliable evidence that may establish factual innocence include exculpatory scientific evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, and certain physical evidence.  *Schlup*, at 324; *Sawyer v. Whitley*, 505 U.S. 333, 340 (1992).

It bears repeating that Barton pleaded guilty in this case and confessed to the charged offense in open court and in writing prior to entering his guilty plea.  *See Ex parte Barton*, No. 64,732-01 at 25, 28-29.  Barton's voluntary guilty plea weighs heavily against his

29

belated claim of actual innocence, made seven years after the fact and then only after his deferred adjudication probation was revoked.  Barton neither references nor presents any new reliable evidence to establish his innocence as a matter of fact.  He further fails to allege any details that would establish his actual innocence of the charged offense. Thus, to the extent that Barton asserts a claim of actual innocence to overcome a procedural default, he falls far short of the showing necessary to fit within the exception to procedural default under the *Schlup v. Delo* standard.[6]  *See House v. Bell*, — U.S. —, 126 S. Ct. 2064 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default under *Schlup v. Delo*).

---

[6]     To the extent that Barton asserts that his claim of actual innocence stands alone, apart from any procedural default, his claim fails as a matter of law.  The Supreme Court has held that a stand-alone claim of actual innocence of the kind asserted by Barton is not cognizable on federal habeas corpus review.  *See Herrera v. Collins*, 506 U.S. 390, 400 (1993).  Rather, "a claim of actual innocence is "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Id.* at 404.  The Fifth Circuit has repeatedly rejected the possibility that this type of actual-innocence claim is cognizable on federal habeas corpus review.  *See Graves v. Cockrell*, 351 F.3d 143, 151 (5th Cir. 2003), *cert. denied*, 541 U.S. 1057 (2004); *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000), *cert. denied*, 532 U.S. 915 (2001); *Graham v. Johnson*, 168 F.3d 762, 788 (5th Cir. 1999), *cert. denied*, 529 U.S. 1097 (2000); *Lucas v. Johnson*, 132 F.3d 1069, 1075 (5th Cir. 1998); *Jacobs v. Scott*, 31 F.3d 1319, 1324-25 (5th Cir. 1994), *cert. denied*, 513 U.S. 1067 (1995).

Texas does allow claims of actual innocence on state habeas corpus review, but Barton did not avail himself of that avenue by presenting such a claim when he had the opportunity.  Under these circumstances, Barton's claim of actual innocence is not cognizable on federal habeas corpus review.  *See Herrera*, 506 U.S. at 417; *Graves*, 351 F.3d at 151.  Even if it were cognizable, Barton fails to meet the stringent standard of proof needed to make a claim of actual innocence under *Herrera*.  *See House v. Bell*, — U.S. —, 126 S. Ct. 2064, 2086-87 (2006) (finding that the petitioner fell short of the threshold showing necessary to make a claim of actual innocence under *Herrera*).  For this reason, Barton is not entitled to federal habeas corpus relief based on his allegations of actual innocence.

More importantly, Barton fails to make a colorable showing that his counsel was deficient for failing to investigate or discover evidence of his actual innocence.  To the extent that he claims that his attorney was deficient for failing to interview witnesses, Barton does not provide written statements from these individuals or a summary of the testimony that they would have given if called upon by defense counsel to appear at trial.  Barton's failure to state with specificity what the investigation would have revealed and how it would have changed the outcome of his trial is fatal to his ineffective-assistance claim.  *See Miller*, 420 F.3d at 361(citing *Green*, 882 F.2d at 1003).  Likewise, to the extent that Barton contends that his counsel failed to consult with him about potential defenses, Barton does not provide any facts showing what defenses were available or that such a consultation would have produced a viable defensive strategy and, therefore, a different result.

In summary, Barton fails to establish cause for his default or to show that actual prejudice will result from his failure to comply with state procedure. Likewise, he fails to show that he is actually innocent or that he fits within the fundamental-miscarriage-of-justice exception.  The Court concludes therefore that Barton's unexhausted ineffective-assistance claims are barred from federal habeas corpus review by the doctrine of procedural default. Alternatively, to the extent that his unexhausted claims are not barred, Barton's conclusory allegations are insufficient to state a claim of ineffective assistance.  *See Collier*, 300 F.3d at 587.

## IV.   THE PETITIONER'S MOTION FOR DISCOVERY

Barton has filed two requests for discovery in support of his claim that he is actually innocent.  (Docs. # 13, # 14).  Discovery is limited in habeas corpus proceedings.  "Rule 6 of the Rules Governing § 2254 cases permits discovery only if and only to the extent that the district court finds good cause."  *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir.), *cert. denied*, 531 U.S. 957 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 487 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001).  "Good cause" may be found when a petition for a writ of habeas corpus "establishes a *prima facie* claim for relief."  *Murphy*, 205 F.3d at 814.  Before authorizing discovery, the Court must first conclude that the specific allegations in the petition "show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief."  *Id.*  In that regard, petitioner's factual allegations "must be specific, as opposed to merely speculative or conclusory, to justify discovery."  *Id.*  "Simply put, Rule 6 does not authorize fishing expeditions."  *Id.*; *see also Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994), *cert. denied*, 513 U.S. 1192 (1995).

Because Barton's discovery motions were filed in response to the respondent's motion for summary judgment, these motions could also be construed as a request for a continuance to conduct discovery under Rule 56(f) of the Federal Rules of Civil Procedure.  Motions for a continuance to conduct discovery under Rule 56(f) are "generally favored, and should be liberally granted."  *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 534 (5th Cir. 1999) (citing *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059 (1992)).  To justify a continuance, however, a Rule 56(f)

32

motion must demonstrate (1) why the movant needs additional discovery, and (2) how the additional discovery will likely create a genuine issue of material fact. *See Stearns Airport Equip.*, 170 F.3d at 534-35 (citing *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993)). In that regard, the movant "must be able to demonstrate how postponement and additional discovery will allow him to defeat summary judgment; it is not enough to 'rely on vague assertions that discovery will produce needed, but unspecified, facts.'" *Stearns Airport Equip.*, 170 F.3d at 535 (quoting *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) (citation omitted)).

In this instance, Barton asks the Court to compel the State of Texas to provide the prosecutor's file in his underlying criminal proceeding. He also appears to ask for depositions from certain witnesses, including Constable Lou Rodgers, San Jacinto Sheriff Lacy Rodgers, former counsel Fritz Faulkner, and eleven other unidentified individuals who were present when the aggravated assault occurred. Barton does not provide any specific facts, however, showing that the proposed discovery would establish his actual innocence or otherwise entitle him to habeas corpus relief.

As noted previously, Barton pleaded guilty in this case and that guilty plea is supported by his written confession to the charged offense. Barton did not present a claim of actual innocence in state court and he offers no explanation for his to do so. Importantly, this is not a case in which the petitioner has been incarcerated and unable to develop his claim or present evidence. After his guilty plea in 1999, Barton received deferred adjudication and was placed on community supervision where he had ample opportunity to

investigate and procure the evidence that he now seeks.  Barton offers no explanation for his failure to develop this claim on state habeas corpus review.  His conclusory allegations are not sufficient to show that good cause is warranted under Habeas Rule 6 or to show that a continuance to conduct discovery is warranted under Rule 56(f) of the Federal Rules of Civil Procedure.  Therefore, Barton's motions for discovery are denied.

## V.   CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or

34

that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336.   Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim.  Therefore, a certificate of appealability will not issue.

## VI.   CONCLUSION AND ORDER

Therefore, based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion for summary judgment (Doc. # 10) is **GRANTED**.

2. The petitioner's motions to compel discovery (Doc. # 13, # 14) are **DENIED**.

3. The federal habeas corpus petition is **DISMISSED** with prejudice.

4. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on October 30th, 2007.

Nancy F. Atlas
United States District Judge